UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00378-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MARIO BORQUEZ-DOMINGUEZ,
2. MANUEL TORRES-HERMOSILLO, a/k/a "Sinaloa" "Meno" and "Chapito,"
3. ERNESTO MELENDREZ, a/k/a "Cholo,"
4. SILVANO CARLOS SANDOVAL,
5. JESUS GARCIA, a/k/a "Jesse,"
6. FRANCISCO JAVIER TORRES-GUERRERO, a/k/a "Javi" and "Francisco,"
7. FERNANDO CHAVEZ-LARA, a/k/a "Churumba,"
8. JAIME AVILA-PALOMINO,
9. JESUS M. BAUDELIO,
10. GILBERTO GARCIA, and
11. VERONICA TOMAS, a/k/a "Vero,"

    Defendants.

**ORDER**

THIS MATTER came before the Court for a status conference on October 30, 2012. At the conference, I heard from the parties on the Government's Motion for a Status Conference and for an Ends of Justice Continuance and Findings of Excludable Time on Grounds of Complexity pursuant to Title 18 U.S.C. §§3161(h)(7)(A) and (B)(ii) (ECF No. 68), filed October 1, 2012. For reasons stated on the record at the status conference and set forth below, the motion is granted in part and denied in part.

By way of background, this is a multi-defendant drug conspiracy case involving voluminous discovery including wiretaps, transcripts that are in the Spanish language,

photographic files, video, and Global Positioning System data.

In the pending motion, the Government moves for both a finding of complexity pursuant to 18 U.S.C. § (h)(8)(B)(ii) and a 120-day ends of justice continuance of the period to file pretrial motions and the speedy trial deadlines pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).  In support of the motion, the Government states that this case involves a lengthy investigation with large volumes of discovery that have yet to be produced to the defendants.  Defense counsel and the Government are all in agreement that effective trial preparation will require more time than is permitted within the confines of the Speedy Trial Act.

The defendants do not object to the motion.  Based on the information in the pending motion and the parties' statements made at the October 30, 2012 status conference, while I do not find this case to be complex, I do find that a 120-day ends of justice continuance is appropriate under § 3161(h)(7)(B)(iv).

Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later.  18 U.S.C. § 3161(c)(1).  The Tenth Circuit held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).  The Tenth Circuit further

stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. *See* 18 U.S.C. § 3161(h)." *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984." *Id.* at 1048-49 (internal citation omitted). However, the Tenth Circuit has cautioned that "ends-of-justice continuances should not be granted cavalierly. *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985)))." *Id.*

The Tenth Circuit recently reaffirmed its holdings in *Williams* and *Doran* and emphasized that the ends of justice exception to the Speedy Trial Act "was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). "The requirement that the district court make clear on the record its reasons for granting an ends-of justice continuance serves two core purposes. It both ensures the district court considers the relevant factors and provides the court with an adequate record to review." *Id.* (citations omitted). The *Toombs* Court noted that the record "must contain an explanation of why the mere occurrence of the

event identified by the party as necessitating the continuance results in the need for additional time." *Id.* at 1271.

The Court, having carefully considered the request and the controlling law, and being fully advised in the premises, hereby finds that the motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). Due to the number of defendants and the voluminous discovery in this case, I find that the failure to grant a continuance in this case, which I do not find complex, would deny the defendants the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on the above and for reasons stated in the pending motion and at the status conference, I find that the ends of justice served by an additional 120-day extension of the speedy trial deadlines outweigh the best interest of the public and the defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

Accordingly, it is

ORDERED that the Government's Motion for a Status Conference and for an Ends of Justice Continuance and Findings of Excludable Time on Grounds of Complexity pursuant to Title 18 U.S.C. §§3161(h)(7)(A) and (B)(ii) (ECF No. 68), is **GRANTED IN PART AND DENIED IN PART.** The motion is denied to the extent it requests a complexity finding pursuant to 18 U.S.C. § (h)(8)(B)(ii). The motion is granted to the extent it requests an ends of justice continuance pursuant to 18 U.S.C. § (h)(7)(A) and (B)(iv). In accordance therewith, it is

FURTHER ORDERED that an additional **120 days** are excluded from the speedy trial deadlines. It is

FURTHER ORDERED that the jury trial set for November 19, 2012 is **VACATED**. It is

FURTHER ORDERED that the Government shall produce all discovery materials, including all wiretap recordings, to the defendants not later than **November 16, 2012.** It is

FURTHER ORDERED that the parties shall meet and confer in order to draft a proposed Case Management Order. This Case Management Order shall be filed with the Court **not later than 14 days prior to the expiration of the 120-day speedy trial exclusion**.

Dated: November 8, 2012

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge